UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *a National Association, as Securities Intermediary for Lima Acquisition LP*,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, *a Connecticut corporation*,<br><br>Defendant. | Civil No. 12-877 (JRT/TNL)<br><br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING ORDERS OF THE MAGISTRATE JUDGE** |

Brian L. Stekloff, **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**, 2001 K Street N.W., Washington, DC 20006; and Kadee Jo Anderson, Thomas F. Nelson, and Steven P. Zabel, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

Shannon A. Lang, **EDISON MCDOWELL & HETHERINGTON LLP**, 3200 Southwest Freeway, Suite 2100, Houston, TX 77027; and Douglas L. Elsass and Adam A. Gillette, **FRUTH JAMISON & ELSASS PA**, 80 South Eighth Street, Suite 3902, Minneapolis, MN 55402, for defendant.

Plaintiff U.S. Bank National Association ("US Bank") brings this action against defendant PHL Variable Insurance Company ("PHL"). The claims arise from PHL's refusal to pay benefits that US Bank contends it is owed as beneficiary of a life insurance policy. Before the Court are objections to two nondispositive discovery rulings by United States Magistrate Judge Tony N. Leung. Because the conclusions in those rulings are neither clearly erroneous nor contrary to law, the Court will overrule the objections to both rulings.

# BACKGROUND[1]

**I.     THIS ACTION**

The dispute in this case involves a life insurance policy (the "Doe Policy" or "the Policy"), which PHL issued to John Doe in 2008 with a face value of $3,000,000. *Id.* at *1. Doe's application indicated that he had borrowed funds from PFG Private Financing, LLC ("PFG") to pay the premiums and that PHL was aware that the Policy was assigned to PFG as security for the debt. *Id.* Over a year after the Policy was issued, Doe transferred the Policy to PFG Loans Funding in full satisfaction of the loan, and upon receiving notice of the transfer PHL recorded that the owner and beneficiary had changed. *Id.* US Bank later acquired the Policy and made premium payments until Doe's death in November 2011. *Id.* US Bank submitted a claim for the Policy proceeds, but PHL resisted paying the benefits, instead seeking further documentation about the existence of an "insurable interest at the time of issuance." *Id.* at *2. After three months of extensive correspondence between PHL and US Bank and, according to US Bank's allegations, after US Bank provided PHL with all of the documentation it requested, PHL still had not paid the death benefits. *Id.*

US Bank then filed this action, bringing four causes of action against PHL: breach of contract, unjust enrichment, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and fraud. (Second Am. Compl., Nov. 19, 2012, Docket No. 39.) Upon

---

[1] The background for this action is described in detail in the Court's previous order. *See U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Civ. No. 12-877, 2013 WL 2936099, at *1-4 (D. Minn. June 14, 2013). The Court will recite here only the facts relevant to the instant objections.

PHL's motion to dismiss the CUTPA and fraud claims, (Mot. to Dismiss, Dec. 6, 2012, Docket No. 55) the Court granted PHL's motion to dismiss US Bank's fraud claim to the extent that it is based on affirmative misrepresentations, but denied PHL's motion to the extent that the fraud is based on fraudulent nondisclosures and denied the motion with regard to the CUTPA claim, *U.S. Bank Nat'l Ass'n*, 2013 WL 2936099 at *11.  The Court observed that in order to prevail on its CUTPA claim, US Bank must allege practices that would amount to a violation of the Connecticut Unfair Insurance Practices Act.  *Id.* at *5; *see also* Conn. Gen. Stat. § 38a-816 (defining unfair practices). The Court concluded that US Bank's allegations that PHL knew that the Doe Policy had been transferred to a third party and continued to accept premiums and represent that the Policy was in force, but later delayed and never paid the benefits in order to receive interest and investment income on the funds and pressure US Bank to settle for less than the value of the policy "could amount to a variety of unfair claim settlement practices under CUIPA."  *U.S. Bank Nat'l Ass'n*, 2013 WL 2936099 at *5-6.  The Court proceeded to conclude that US Bank adequately alleged enough instances of misconduct – pointing to seven other policies referenced in US Bank's complaint – to "potentially establish a general business practice" and thus state a claim under CUTPA.  *Id.* at *6-8.  With regard to the fraud claim, the Court found that US Bank's allegations sufficiently alleged that PHL fraudulently failed to disclose to US Bank that it believed that the Policy was void because there was no insurable interest when it continued to represent to US Bank that the Policy was in force.  *Id.* at *9-11.  The Court concluded, however, that US Bank's

fraud claim failed to the extent it involved affirmative misrepresentations rather than fraudulent disclosures. *Id.*

## II. INSTANT DISCOVERY MOTIONS

Before the Court are objections to two nondispositive discovery rulings by the Magistrate Judge. First, PHL objects to the portions of the Magistrate Judge's order dated October 24, 2013 (Order ("October 24 Order"), Oct. 24, 2013, Docket No. 195) granting US Bank's third motion to compel PHL to produce documents regarding PHL's policies and practices surrounding stranger-oriented life insurance ("STOLI"),[2] (*id.*; *see also* Third Mot. to Compel, Apr. 11, 2013, Docket No. 132). Second, PHL objects to the Magistrate Judge's ruling from the bench on November 7, 2013 (Minute Entry, ("November 7 Ruling"), Nov. 7, 2013, Docket No. 197; Text Only Order on Motion, Nov. 8, 2013, Docket No. 198) granting in part US Bank's fourth motion to compel and requiring PHL to produce documents from claim files of policies comparable to the Doe Policy (*id.*; *see also* Fourth Mot. to Compel, Oct. 10, 2013, Docket No. 184). The Court will overrule the objections to both discovery rulings, concluding that the Magistrate Judge's rulings were neither clearly erroneous nor contrary to law.

---

[2] STOLI refers to an arrangement in which a life insurance policy is purchased for a typically wealthy elderly individual but the premiums are paid by a loan from a third-party investor, which is secured by the policy. The investor is either repaid out of the policy or receives the policy itself in a transfer from the insured. *See Carton v. B & B Equities Grp., LLC*, 827 F. Supp. 2d 1235, 1239 (D. Nev. 2011). "These arrangements ultimately amount to unlawful wagering and have generally been disfavored by courts." *Id.*

## DISCUSSION

I.   **STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

"The rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'" *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Discovery of non-privileged information is permissible if reasonably calculated to lead to the discovery of admissible evidence relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). "Information is generally discoverable unless it is clear that the information sought has no bearing upon the subject matter of the action." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013) (internal quotations omitted).

II.   **THIRD MOTION TO COMPEL**

PHL objects to the Magistrate Judge's October 24 Order to the extent that it compels the "production of documents and communications pertaining to PHL's STOLI policies, practices and procedures spanning the four years preceding and the four years following issuance of the Doe policy," referencing Requests for Production numbers 17-20, 22-25, and 31. (*See* Objections to Oct. 24 Order at 6-7, Nov. 7, 2013, Docket No. 196 (internal quotation marks omitted).) PHL argues that these documents are

irrelevant, that the request is overly burdensome, and that the Magistrate Judge's order was premature because the issues had not yet been briefed.[3]

PHL argues that the requested documents are not relevant because this case involves only the question of whether the Doe Policy had an insurable interest and STOLI policies and practices are not relevant to that narrow question.  PHL observes that the Magistrate Judge concluded that the materials could be relevant to US Bank's CUTPA and fraud claims, but argues that this conclusion is "devoid of factual and legal support."  (Objections to Oct. 24 Order at 9.)  The Court concludes that the Magistrate Judge did not clearly err in deeming PHL's STOLI policies to be relevant to the issues in this case:  whether the Doe Policy had an insurable interest is not the sole issue in the case, the case also involves what PHL knew regarding the source of premiums on the Doe Policy and PHL's communications regarding and handling of the Policy.  The materials US Bank seeks could help to support an argument that PHL mishandled the Doe Policy claim by handling it in contravention of its own standards or that it is PHL's practice to deny or delay all claims made on STOLI policies, even if it is aware of the arrangement while receiving premiums.  This type of evidence is potentially relevant to what the Court has already determined states a possible claim for violation of CUTPA, *see U.S. Bank Nat'l Ass'n*, 2013 WL 2936099 at *6, and thus it was not clear error for the

---

[3] Although PHL in some instances indicates that it is appealing the October 24 Order in its entirety – which includes rulings on several other types of requested materials – PHL's memorandum addresses only the Magistrate Judge's determination with regard to PHL's STOLI policies and PHL's policies and procedures related to premium financing, so the Court will address only those sets of materials.  *See United States v. Afremov*, Crim. No. 06-196, 2007 WL 2475972, at *1 n.3 (D. Minn. Aug. 27, 2007) ("The parties have not objected to the Magistrate Judge's Order with respect to these motions.  The Court therefore affirms the Order without discussion as it relates to these motions.").

Magistrate Judge to compel its production. *See Shukh*, 295 F.R.D. at 237 ("Information is generally discoverable unless it is clear that the information sought has no bearing upon the subject matter of the action." (internal quotations omitted)).

The Court also concludes that it was not clear error to require the production of this set of documents despite PHL's argument that the request is overly broad or burdensome. PHL's argument that these requests are overly burdensome is based upon its argument that the materials are not relevant – that the potential benefit of the documents is outweighed by the burden of collecting and producing it because "none of these documents would have any bearing on Doe, the Doe Policy, or the Doe claim (as all materials bearing on Doe have already been collected and produced), or on any of the CUTPA claims," so "the likely benefit of this discovery is easily outweighed by the burden of collecting and producing it." (Objections to Oct. 24 Order at 11.) But given that the Court concludes that the Magistrate Judge's determination that the materials were relevant was not clear error, the Court concludes that it was also not clear error to compel the production of the materials without a further showing by PHL that any burden outweighed the likely benefit of the materials as determined by the Magistrate Judge. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring courts to limit the extent of discovery upon a determination that "the burden or expense of the proposed discovery outweighs its likely benefit"); *see also Edeh v. Equifax Info. Servs., LLC*, Civ. No. 11-2671, 2013 WL 2480676, at *4 (D. Minn. June 10, 2013) ("Broad allegations of burdensomeness, without more, will not suffice."). Finally, the Court has had the opportunity to review both parties' briefing on both motions to compel and thus any prematurity is not grounds for

reversal because both parties have had ample opportunity to present argument on these discovery issues to the Court.

PHL does not make any substantive argument about the October 24 Order with regard to policies and procedures concerning premium financing, besides stating that "[g]iven a prior order regarding the scope of discovery concerning premium financing, it is unclear what materials PHL has been ordered to produce." (Objections to Oct. 24 Order at 7 n.3 (citing Order ("January 18 Order") at 6, Jan. 18, 2013, Docket No. 69).) The January 18 Order granted US Bank's motion to compel documents surrounding premium finance arrangements with PFG "only with respect to documents directly concerning the [Doe] Policy," but not to the extent the "requests seek documentation related to other policies or PHL's communications regarding premium financing in general." (January 18 Order at 6.) The January 18 Order also denied without prejudice US Bank's requests for documents "sufficient to identify all premium-finance programs that PHL has approved and the total number of policies, total face amount, and total amount of premiums that PHL has collected on any premium-financed policies," concluding these requests were not relevant to US Bank's breach of contract and unjust enrichment claims. (*Id.* at 6-7.) At the time the January 18 Order was issued, PHL's motion to dismiss US Bank's fraud and CUTPA claims was pending before the Court, so the Magistrate Judge considered the relevant motion to compel "only insofar as it relates to evidence that is discoverable for its breach-of-contract and unjust-enrichment claims." (*Id.* at 4.) By the time the Magistrate Judge issued the October 24 Order, the Court had denied in part PHL's motion to dismiss the fraud and CUTPA claims, and the Magistrate

Judge concluded that "[d]ocuments and communications related to PHL's review and approval of the PFG program underlying PHL's belief in the Doe Policy's invalidity are relevant to US Bank's fraud claim and PHL's defense to that claim." (October 24 Order at 8.) Given that in the January 18 Order the Magistrate Judge merely dismissed without prejudice the motion to compel as not relevant to the breach of contract and unjust enrichment claims, but in the October 24 Order concluded that premium financing documents were relevant to the fraud claim which had since survived a motion to dismiss, the Court finds no clear error in the Magistrate Judge's order compelling production of the applicable premium financing documents. Thus, the Court will overrule PHL's objections to the October 24 Order and affirm the ruling of the Magistrate Judge.

### III. FOURTH MOTION TO COMPEL

PHL also objects to the Magistrate Judge's November 7 Ruling, which granted US Bank's motion to compel the production of various types of materials, including insurance policy files, but with overarching limitations such as that the files be limited to those relating to life insurance policies, those insuring people sixty-five years of age or older, policies for over $1 million and that are investor-owned, and policies issued during the period of January 1, 2006 onward. (Tr. at 64:15-21, Nov. 14, 2013, Docket No. 200.) PHL nevertheless objects, arguing that these limitations do not adequately reduce its production burden and that the ruling compels the production of files that have no possible relevance to US Bank's claims. (Objections to Nov. 7 Ruling at 1-2, Nov. 21, 2013, Docket No. 203.)

The thrust of PHL's argument is that these documents have no possible relevance because anything they could demonstrate would not support a claim for fraud or under CUTPA in light of the Connecticut Supreme Court's decision in *State v. Acordia, Inc.*, 73 A.3d 711 (Conn. 2013). (*See* Objections to Nov. 7 Ruling at 7-11.) The Court has reviewed *State v. Acordia* and concludes that the Connecticut Supreme Court's decision there does not render clearly erroneous the Magistrate Judge's conclusions regarding the relevancy of the documents US Bank has requested. To the extent that PHL interprets *Acordia* as abrogating, conflicting with, or narrowing the Court's June 14 Order on PHL's motion to dismiss with regard to the viability of US Bank's CUTPA claims and seeks to limit discovery to accord with PHL's interpretation of that case, a discovery motion is not appropriate for raising that merits question. *See Giebink v. Giebink*, Civ. No. 08-4184, 2009 WL 1350805 (D.S.D. May 12, 2009) (observing that the motion before the court "is a discovery motion, and the merits of plaintiffs['] claims will be decided another day").

The Court furthermore concludes that the materials bear sufficient potential relevancy to US Bank's fraud claim such that the Magistrate Judge's ruling was not clear error. For example, documents indicating PHL's practices or policies applicable to policies similar to the Doe Policy may be relevant to US Bank's claim for fraudulent nondisclosure because they could demonstrate PHL's knowledge and intent with regard to similar policies and situations and may offer more detailed explanations of PHL's intent in such situations than are present in the Doe Policy files alone.

PHL also objects to the November 7 Ruling on the grounds that the burdens it imposes upon PHL outweigh the potential benefits of the materials.  (Objections to Nov. 7 Ruling at 11-12.)  The Court observes that the Magistrate Judge took care to institute various parameters limiting the scope of the materials.  Given those parameters, the Court concludes that it was not clear error to compel PHL to produce the materials as limited.  To the extent that one of those limiting parameters – investor ownership – is not apparent to PHL, the Court construes the November 7 Ruling to limit the production requirement to those policies for which PHL is aware that they are owned by investors.  (*See* Objections to November 7 Ruling at 12 (explaining that "investor ownership is often disguised").)  The Court will thus overrule PHL's objections to the November 7 Ruling and affirm the ruling of the Magistrate Judge.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's objection [Docket No. 196] is **OVERRULED** and the Order of the Magistrate Judge dated October 24, 2013 [Docket No. 195] is **AFFIRMED**;

2. Defendant's objection [Docket No. 203] is **OVERRULED** and the ruling of the Magistrate Judge dated November 7, 2013 [Docket No. 198] is **AFFIRMED**.

DATED:  June 23, 2014  
at Minneapolis, Minnesota.

____s/ John R. Tunheim____  
JOHN R. TUNHEIM  
United States District Judge