UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION LP,<br><br>      Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>      Defendant. | Civil No. 12-877 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER ON MOTION TO CERTIFY QUESTIONS TO THE MINNESOTA SUPREME COURT** |

Allan J. Arffa and Sarah H. Burghart, **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**, 1285 Avenue of the Americas, New York, NY 10019, for plaintiff.

Kendall J. Burr, **EDISON, MCDOWELL & HETHERINGTON LLP**, 3200 Southwest Freeway, Suite 2100, Houston, TX 77027, for defendant.

Plaintiff U.S. Bank National Association ("U.S. Bank") brought this action against Defendant PHL Variable Insurance Company ("PHL") alleging breach of contract, unjust enrichment, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). PHL filed a counterclaim seeking a declaratory judgment that the policy was void as against public policy. PHL moves to certify questions to the Minnesota Supreme Court and request for leave to deposit the policy's death benefit into the Court's registry pending resolution. Because the Court concludes that prior federal and state cases provide sufficient guidance on the questions at issue and that certification would result in

delay and would not be a good use of judicial resources, it will deny PHL's motion for certification.

## BACKGROUND[1]

The dispute at issue relates to a $3 million life insurance policy initially issued by PHL to a trust in the name of an individual. The parties dispute whether the original sale of the policy constituted a stranger-originated life insurance ("STOLI") purchase, where a purchaser is promised a cash payment in exchange for participating in the transaction. (*See* Def.'s Answer to Pl.'s Second Am. Compl. at 44-45, June 28, 2013, Docket No. 174 (alleging an offered cash payment).) To decide the instant motion, it is sufficient to acknowledge that the insurance policy may have resulted from a STOLI transaction. The individual's trust sold the policy to a third party, who then sold it to U.S. Bank. When the individual died, U.S. Bank sought to collect on the policy, but PHL refused and litigation ensued. (*See* Second Am. Compl. ¶¶ 61, 62, 65, Nov. 19, 2012, Docket No. 39.)

The litigation continues more than three years later, and PHL has filed this Motion to Certify Questions to the Minnesota Supreme Court, which U.S. Bank opposes. PHL asks the Court to certify the following two questions:

> Question 1: Whether an insurer may challenge a life insurance policy for lacking insurable interest at inception, even after the contestability period set forth in the purported contract.

---

[1] Additional background information can be found in the Court's two prior orders related to this case: *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-877, 2013 WL 2936099 (D. Minn. June 14, 2013), and *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-877, 2014 WL 2856447 (D. Minn. June 23, 2014).

> Question 2: Whether a court may declare an insurance policy void for lack of insurable interest where it was not obtained in good faith for legitimate insurance purposes, but rather as a cover for a wagering contract.

(Mem. in Supp. of Def.'s Mot. to Certify ("Def.'s Mem.") at 1, May 12, 2015, Docket No. 252.) PHL also requests leave to deposit funds into the Court's registry pending resolution of this case. (*Id.* at 24.)

## DISCUSSION

### I. STANDARD OF REVIEW

Minnesota state law provides that the Minnesota Supreme Court "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." Minn. Stat. § 480.065, subd. 3. Use of a state's certification procedure by a federal district court rests in the court's sound discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881-82 (8th Cir. 1996). Though certification may "in the long run save time, energy, and resources and help[] build a cooperative judicial federalism," it is never obligatory, even when state law is in doubt. *Lehman*, 416 U.S. at 390-91. A federal court's "most important consideration" in deciding whether to certify a question to a state court is whether it "finds itself genuinely uncertain about a question of state law." *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991) (quoting *Tidler v. Eli Lilly & Co.*, 851 F.2d 418, 426 (D.C. Cir. 1988)). Certification "is not a procedure by which federal courts may abdicate their responsibility to decide a legal issue when the relevant sources of state law available to it provide a discernible path for the court to

follow." *Tidler*, 851 F.2d at 426.  Absent a "'close' question of state law or the lack of state sources, a federal court should determine all the issues before it." *Johnson*, 935 F.2d at 154 (citing *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 209 (8th Cir. 1987)).

## II.   MOTION FOR CERTIFICATION

Both of the questions that PHL seeks to certify were recently discussed in an Eighth Circuit case to which PHL was a party, *PHL Variable Insurance, v. Bank of Utah*, 780 F.3d 863 (8th Cir. 2015).  In *Bank of Utah*, PHL argued that the life insurance policy was void *ab initio* for lack of an insurable interest and that the policy could be challenged on this basis even after the two-year contestability period had ended.  *Id.* at 865.  The district court agreed.  No. 12-1256, 2013 WL 6190345, at *17 (D. Minn. Nov. 27, 2013) (granting summary judgment to PHL).  On appeal, the Eighth Circuit considered early Minnesota Supreme Court decisions related to the insurable interest necessary for life insurance policies.  780 F.3d at 869 (citing *Peel v. Reibel*, 286 N.W. 345, 346 (Minn. 1939), *Christenson v. Madson*, 149 N.W. 288, 289-90 (Minn. 1914), *Rahders, Merritt & Hagler v. People's Bank of Minneapolis*, 130 N.W. 16, 17 (Minn. 1911), and *Hogue v. Minn. Packing & Provision Co.*, 60 N.W. 812, 813 (Minn. 1894)).  The court reversed the district court and found that under Minnesota common law a policy is generally not void for lack of an insurable interest if it was made on one's own life or at least that summary judgment was improper absent "proof of an agreement to resell the policy to an identified person."  *Id.* at 869-70.  The court also discussed the incontestability-bar issue, finding that challenges based on the lack of an insurable interest were barred after two years due to the statute's purpose of "encouraging the insurer to be diligent in performing

its duty to investigate within a specified period, and to penalize it if it does not." *Id.* at 871. PHL petitioned the Eighth Circuit for rehearing and for certification to the Minnesota Supreme Court of the same two questions at issue here. (Decl. of Sarah H. Burghart, Ex. 2, June 6, 2015, Docket No. 264.) The court denied rehearing and did not address PHL's motion for certification. (*Id.*, Ex. 3.)

Thus, the Eighth Circuit has already interpreted the same issues of Minnesota law in a nearly identical context, and the Court is not aware of any conflicting Minnesota state cases not addressed by the *Bank of Utah* court. *Cf. Gen. Cas. Co. v. Wozniak Travel, Inc.*, No. 07-3515, 2008 WL 440747, at *5-6 (D. Minn. Feb. 14, 2008) (granting certification where the prior Eighth Circuit case did not discuss a conflicting Minnesota Court of Appeals case). Accordingly, although the Minnesota Supreme Court has not spoken on these issues directly, given the prior Minnesota Supreme Court cases, as well as the recent Eighth Circuit decision interpreting those cases in a nearly identical context, this Court does not find itself genuinely uncertain about a question of state law or without a discernible path to follow.

Additionally, the balancing of judicial resources and delay does not weigh in favor of certification. Certification would result in significant delay in this case, which is over three years old and has already seen nine pretrial scheduling orders. *See Jung v. Gen. Cas. Co.*, 651 F.3d 796, 801 (8th Cir. 2011) (affirming district court's denial of certification where "nearly two years passed before they requested certification" and summary judgment had already been rendered). Prompt certification of state law questions may conserve time and judicial resources in some cases, but considering the

late stage of the proceedings here, and the case law discussed above, the cost of delay would likely outweigh any potential benefit in this case.

### III. REQUEST TO DEPOSIT FUNDS WITH THE COURT

PHL also requests leave to deposit the death benefit in the Court's registry pending resolution of this case. (Def.'s Mem. at 24.) The Court will grant this request. The amount of the death benefit, plus the Minnesota statutory interest rate of 10 percent, Minn. Stat. § 549.09, subd. 1(c)(2), calculated from the date U.S. Bank submitted the claim until the date the present motion was submitted, totals $4,016,712.33. (Decl. of Kendall J. Burr ¶ 11, May 12, 2015, Docket No. 253.) PHL shall deposit this sum with the Clerk of Court for deposit in an interest-bearing account pending resolution of this action.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that PHL's Motion to Certify Questions to the Minnesota Supreme Court and Request to Deposit Funds into Court Registry [Docket No. 250] is **GRANTED in part** and **DENIED in part** as follows:

1.  PHL's motion to certify questions to the Minnesota Supreme Court is **DENIED**.

2.  PHL's request to deposit funds into the court registry is **GRANTED**.

    a.  PHL shall deposit the sum of $4,016,712.33 with the Clerk of Court, pursuant to Rule 67 of the Federal Rules of Civil Procedure, and

    b.  Pursuant to Local Rule 67.1 the Clerk of Court shall deposit the funds in an interest-bearing account.

DATED: October 27, 2015  
at Minneapolis, Minnesota.

              s/ John R. Tunheim  
              JOHN R. TUNHEIM  
              Chief Judge  
            United States District Court